**E-FILED**
Thursday, 22 December, 2005 11:49:20 AM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### AT PEORIA

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     No. 05-10012
                                   )
JASON MALONE,                      )
                                   )
          Defendant.               )

**FILED**

DEC **2 2** 2005

**JOHN M. WATERS, Clerk**
**U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

## SENTENCING AGREEMENT

The United States of America, by Rodger A. Heaton, United States Attorney for the central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, and the defendant Jason Malone, personally and by defendant's attorney Karl Bryning, Assistant Federal Public Defender, hereby enter into this Sentencing Agreement.

1.    On August 12, 2005, the defendant entered a plea of guilty to the Indictment without the benefit of a plea agreement.

2.    The Presentence Investigation Report, sets forth a total offense level of 23 and a criminal history category of III for the charge of Possession with Intent to Distribute (Crack) Cocaine as charged in the Indictment, establishing a guideline sentencing range of 57 to 71 months imprisonment. A mandatory minimum sentence of 10 years to life applies due to a prior drug felony conviction.

3.    The defendant hereby agrees: (1) to withdraw any and all objections to the Presentence Investigation Report;(2) to waive his right to appeal from conviction and sentence pursuant to Title 28, United States Code, Section 1291 and Title 18,

1

United States Code, Section 3742; and (3) to waive his right to collateral attack pursuant to Title 28, United States Code, Section 2255.

4.    In exchange, the government agrees to recommend a sentence of imprisonment of 108 months, and make any necessary motions for departure.

5.    This document contains the complete and only sentencing agreement between the parties. The parties have no other agreements, and the defendant understands that if the Court accepts this agreement, the Court may sentence the defendant to a fine, restitution and a term of supervised release as determined by the Court. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the indictment to which the defendant has entered a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory Special Assessment at the time of sentencing.

6.    The defendant understands that if the Court rejects this sentence agreement, he will not have the right to withdraw his previously entered guilty plea; this agreement will be null and void; and the Court will proceed with sentencing as if this sentencing agreement did not exist.

## Waiver of Right of Appeal From Conviction and Sentence

7.    The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the

2

defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this sentencing agreement and conviction and to the sentence, including any fine, supervised release or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine, supervised release or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this sentencing agreement, unless otherwise stated in this paragraph.

## Waiver of Right To Collateral Attack

8.    The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction;  or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands [his/her] rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives [his/her] right to collaterally attack the conviction and/or sentence.  The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant.  The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the

3

defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this sentencing agreement, the defendant hereby knowingly and voluntarily waives [his/her] right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine, supervised release or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

**Defendant's Attorney:**

9.    I have discussed this Sentence Agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, premises, or representations have been made, nor agreements reached, express or implied, to induce my client to enter into this agreement other than those stated in this written Sentencing Agreement.

Date: 12|22|05

s/ Federal Public Defender
Karl Bryning
Attorney for Jason Malone

**Defendant:**

10.    I have read this entire Sentencing Agreement carefully and have discussed it fully with my attorney. I fully understand this agreement, and I agree to it voluntarily and of my own free will. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to enter into this agreement other than those stated in this

4

written Sentencing Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Sentencing Agreement.

Date: ___12-22-05___          ___s/ Defendant_____
                              Jason Malone
                              Defendant

**United States:**

     11.    On behalf of the United States of America, I accept and agree to this Sentencing Agreement.

Date: ___12/22/05___          RODGER A. HEATON
                              UNITED STATES ATTORNEY

                              ___s/Assistant US Attorney_____
                              Bradley W. Murphy
                              Assistant United States Attorney