

E-FILED
Tuesday, 04 March, 2008 08:49:23 AM
Clerk, U.S. District Court, ILCD

FEB 1 3 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

In Re: Petitions for Retroactive
Sentences Previously Imposed for
Certain Crack Cocaine Offenses

No. 08-U-0005

## ADMINISTRATIVE ORDER

The United States Sentencing Commission (USSC) has reduced somewhat the longstanding disparity between sentences recommended by it for powder cocaine and crack cocaine in the advisory sentencing guidelines. The prospective effective date was November 1, 2007. In the exercise of its lawful authority, the Commission decided to make its advisory guidelines for these offenses, under certain circumstances upon the appropriate findings of the presiding judge, retroactive. However, the effective date of this retroactive application is not until March 3, 2008.

To ensure the efficient adjudication of requests seeking a reduction of a sentence pursuant to the retroactive guideline amendment, this Court, *en banc*, orders the following:

1.  The United States Probation Office shall contact those inmates who it determines may be eligible for a sentence reduction pursuant to the retroactive amendment, informing them of their potential eligibility and providing them with a copy of this Administrative Order.

2.  The Federal Public Defender's Office for the Central District of Illinois (FPD) shall be appointed to represent each defendant (petitioner) who files or has pending a petition or motion seeking relief pursuant to the retroactive guideline amendment, by whatever nomenclature the litigant places on the document. The FPD shall thereupon decide specifically which attorney within the FPD office shall be individually assigned to each case. Should the FPD determine that there is a conflict for a particular petitioner, it shall file a motion to withdraw with the Court. Upon grant of such a motion, the Court shall appoint a panel attorney to represent the petitioner.

3.  Prior to the March 3, 2008, effective date of the retroactive guideline amendment, representatives from U.S. Attorney's Office, the U.S. Probation Office, and the FPD Office shall meet to identify those petitioners who may be eligible for immediate release on March 3, 2008. In those cases where the U.S. Attorney does not oppose a sentence reduction to "time served as of March 3, 2008," the parties shall file prior to March 3, 2008, a pleading with the Court indicating the agreement of the parties. In such cases, the U.S. Probation Office shall provide the presiding judge, the U.S. Attorney's Office, and the FPD with a brief summary of the petitioner's original guideline calculations, new guideline calculations, new projected release date, and a summary of any institutional adjustment or public safety factors relevant to the judge's decision. If the presiding judge accepts the recommendation of the parties, it shall prior

to the effective date of the amendment and without a hearing enter an Amended Judgment and Conviction reflecting a sentence of "time served as of March 3, 2008," which will allow for the immediate release of the petitioner on the effective date of the amendment.

4.   All other cases not addressed in paragraph 3 above shall be automatically stayed until March 3, 2008. Petitioners shall have 30 days from March 3, 2008, to file an amended petition and the government shall have 30 days thereafter to file its response. Representatives from U.S. Attorney's Office, the U.S. Probation Office and the FPD Office shall meet periodically to identify those cases where an agreement concerning a petition can be reached and file any such agreement with the Court. In such cases, the U.S. Probation Office shall provide the presiding judge, the U.S. Attorney's Office, and the FPD with a brief summary of the petitioner's original guideline calculations, new guideline calculations, new projected release date, and a summary of any institutional adjustment or public safety factors relevant to the judge's decision. If the Court accepts the agreement of the parties, the Court shall without a hearing enter an amended Judgment and Conviction reflecting the new sentence. Priority shall be given to those petitioners eligible for release the soonest.

5.   The clerks office is directed to implement this order by entering the FPD as attorney of record in each case relevant to the issues discussed in this Order, sending a copy of this order to the petitioner who seeks to have his sentenced reduced pursuant to the retroactive guideline amendment and who files his moving document prior to March 3, 2008, and to send copies of this order to the FPD, U.S. Attorney, and posting it on the District Court's website.

**IT IS SO ORDERED.**

ENTERED this 13th day of February, 2008

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
Chief United States District Judge